UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>Pro-Mark Services, Inc.,<br><br>        Debtor. | Case No.: 24-30167<br><br>Chapter 7 |
| Capital Credit Union,<br><br>        Plaintiff,<br><br>  vs.<br><br>Pro-Mark Services, Inc.; Erik Ahlgren, as Trustee for Debtor's Estate; United States Air Force; and Hartford Accident and Indemnity Company,<br><br>        Defendants. | Adversary No.: |

### ADVERSARY COMPLAINT FOR DECLARATORY RELIEF

Plaintiff brings this adversary complaint (the "Complaint") against the defendants named herein and states and alleges as follows:

#### PRELIMINARY STATEMENT

1.  Plaintiff, Capital Credit Union ("CCU"), bring this action to resolve competing claims to payment owing to Debtor for work performed prepetition on federal contracts and to determine completing claims as to the personal property of Debtor Pro-Mark Services, Inc.

#### JURISDICTION AND VENUE

2.  The Court has jurisdiction over this adversary proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 and 1334(b), 11 U.S.C. § 105; and Federal Rule of Bankruptcy Procedure 7001.

3. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409 as this Adversary Proceeding arises under and in connection with a case under Chapter 11 of the Bankruptcy Code that is pending in this District.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## THE PARTIES

5. CCU is a state credit union organized under the law of the State of North Dakota, with its principal place of business located in Burleigh County, North Dakota.

6. Upon information and belief, Defendant Pro-Mark Services, Inc. ("Pro-Mark" or "Debtor") is a corporation organized under the law of the State of North Dakota, with its principal place of business located in Cass County, North Dakota, and is the Debtor in this Chapter 7 case.

7. Defendant Erik Ahlgren is the Trustee in this Chapter 7 case appointed by the United States Trustee's Office (the "Trustee"). The Trustee is identified as a defendant in this adversary proceeding solely in his capacity as Trustee of the Debtor's bankruptcy estate (the "Estate").

8. Upon information and belief, Defendant United States Air Force ("USAF") is a division of the United States federal government.

9. Upon information and belief, Defendant Hartford Accident and Indemnity Company ("Hartford") is a company organized under the laws of the State of Connecticut, with its principal place of business located in Hartford County, Connecticut.

2

**FACTUAL ALLEGATIONS**

**I.    The USAF's Relationship with Pro-Mark**

10.    Between September of 2020, and January of 2024, the USAF awarded Pro-Mark forty-one (41) construction contracts related to USAF bases in Colorado, Nebraska, and North Dakota (the "Air Force Contracts").

**II.   Hartford's Relationship with Pro-Mark**

11.    Pro-Mark obtained payment and performance bonds from Hartford when performing work for federal construction contracts, entering into a General Indemnity Agreement with Hartford on July 14, 2020 (the "GIA").

12.    Upon information and belief, Hartford subsequently provided payment and/or performance bonds to Pro-Mark for the following Air Force Contracts:

- Contract FA2517-20-D-0010, Task Order FA2543-22-F-0058 (Buckley AFB);
- Contract FA4659-17-D-C002, Task Order FA4659-22-F-0059 (Grand Forks AFB);
- Contract FA4528-20-D-004 (Minot AFB);
- Contract FA4528-20-D-0004, Task Order FA4528-21-F-0091 (Minot AFB); and
- Contract FA4600-16-D-6003, Task Order FA4600-20-F-0192 (Offutt AFB).

(the "Bonded Air Force Contracts") ECF No. 158; ECF No. 171, at 2, ¶ 3.

**III.  CCU's Relationship with Pro-Mark**

13.    On December 31, 2021, Pro-Marked entered into a loan agreement with CCU in the sum of $14,750,000.00 ("Loan No. 1").

14.    To secure Loan No. 1, Pro-Mark granted CCU a security interest in certain personal property collateral, including accounts receivables, equipment, and proceeds.

3

15. CCU and Pro-Mark modified Loan No. 1 on July 14, 2022, July 19, 2022, January 30, 2023, May 2, 2023, and January 12, 2024, with CCU retaining its security interest in the collateral.

16. Also on December 31, 2021, Pro-Mark entered into a second loan agreement with CCU in the sum of $1,000,000.00 ("Loan No. 2").

17. To secure Loan No. 2, Pro-Mark granted CCU a security interest in certain personal property collateral, including accounts receivables, equipment, and proceeds.

18. CCU and Pro-Mark modified Loan No. 2 on May 2, 2023, and January 12, 2024, with CCU retaining its security interest in the collateral.

**IV.   CCU's Relationship with Hartford**

19. On July 14, 2022, Hartford and CCU entered into an Intercreditor Collateral Agreement (the "Intercreditor Agreement").

20. The purpose of the which was "[t]o establish the relative priorities of [Hartford] and [CCU] and their respective rights in and to [Pro-Mark's] assets and properties[.]"

21. To that end, Hartford agreed to subordinate its "Liens" in "Bank Priority Collateral" to CCU's "Liens" in "Bank Priority Collateral."

22. CCU reciprocally agreed to subordinate its "Liens" in "Surety Priority Collateral" to Hartford's "Liens" in "Surety Priority Collateral."

**V.    Accounts Receivables**

23. On April 22, 2024 (the "Petition Date"), Pro-Mark filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the District of North Dakota.

4

24. Upon information and belief, on the Petition Date, the Air Force Contracts were in various stages of performance, ranging from no performance, to being substantially completed.

25. Upon information and belief, Debtor has ceased its operations, and is incapable of satisfying its remaining obligations under the Air Force Contracts.

26. Upon information and belief, approximately $587,707.49 is owing to Debtor from the USAF for work performed pre-petition (the "Accounts Receivables").

## VI. Equipment

27. On the Petition Date, Pro-Mark owned personal property, construction related equipment (the "Equipment") used at multiple jobsites.

28. CCU held a properly-perfected security interest the Equipment.

29. CCU and the Trustee have agreed that the Trustee should sell the Equipment subject to CCU's properly-perfected security interest and the Trustee will be entitled to recover its costs of sale and a 10% commission of the net sale proceeds for the benefit of the Debtor's Estate and the remaining amount should be remitted to CCU as the proceeds of its collateral.

## CAUSES OF ACTION

### COUNT I
**(Declaratory Relief: Pro-Mark owns all legal and equitable interest in the Accounts Receivables under 11 U.S.C. § 541)**

30. CCU repeats and realleges each of the allegations set forth above and below as if fully set forth herein.

31. Because title to the Accounts Receivables is in the name of Debtor, Debtor holds all legal and equitable interests in the Accounts Receivables.

32. The significant dominance and control Debtor exerts over the Accounts Receivables—and the corresponding lack of control held by Hartford—further demonstrates that Debtor holds both the legal and equitable interests in the Accounts Receivables, and that it is property of Debtor's estate.

33. Hartford asserts that the Accounts Receivables are held in trust for its benefit.

34. Hartford asserts that Debtor assigned it the Accounts Receivables.

35. An actual, justiciable controversy exists as to whether Debtor owns all legal and equitable interest in the Accounts Receivables, and that the Accounts Receivables are property of Debtor's estate under Section 541 of the Bankruptcy Code.

## COUNT II
### (Declaratory Relief: CCU's security interest in the Accounts Receivables is superior to Hartford's claims against the Accounts Receivables)

36. CCU repeats and realleges each of the allegations set forth above and below as if fully set forth herein.

37. Hartford asserts that its interest in the Accounts Receivables is superior to CCU's properly-perfected security interest by virtue of the Intercreditor Agreement or through the doctrine of equitable subrogation.

38. An actual, justiciable controversy exists as to competing claims to the Accounts Receivables.

## COUNT III
### (Declaratory Relief: Pro-Mark owns all legal and equitable interest in the Equipment under 11 U.S.C. § 541)

39. CCU repeats and realleges each of the allegations set forth above and below as if fully set forth herein.

6

40. Because title to the Equipment is in the name of Debtor, Debtor holds all legal and equitable interests in the Equipment.

41. The significant dominance and control Debtor exerts over the Equipment —and the corresponding lack of control held by Hartford—further demonstrates that Debtor holds both the legal and equitable interests in the Equipment, and that it is property of Debtor's estate.

42. Hartford asserts that Debtor assigned it the Equipment.

43. An actual, justiciable controversy exists as to whether Debtor owns all legal and equitable interest in the Equipment, and that the Equipment are property of Debtor's estate under Section 541 of the Bankruptcy Code.

## COUNT IV
**(Declaratory Relief: CCU's security interest in the Equipment is superior to Hartford's claims against the Equipment)**

44. CCU repeats and realleges each of the allegations set forth above and below as if fully set forth herein.

45. Hartford asserts that its interest in the Equipment is superior to CCU's properly-perfected security interest by virtue of the Intercreditor Agreement or through the doctrine of equitable subrogation.

46. An actual, justiciable controversy exists as to competing claims to the Equipment.

**PRAYER FOR RELIEF**

WHEREFORE, CCU seeks judgment as follows:

1. For a determination that Debtor owns all legal and equitable interest in the Accounts Receivables and the Accounts Receivables constitute property of Debtor's estate under 11 U.S.C. § 541(a);

2. For a determination that CCU's properly-perfected security interest in the Accounts Receivables is superior to any competing claims in the same;

3. For a determination that Debtor owns all legal and equitable interest in the Equipment and the Equipment constitutes property of Debtor's estate under 11 U.S.C. § 541(a);

4. For a determination that CCU's properly-perfected security interest in the Equipment is superior to any competing claims in the same;

5. For its costs, disbursements, and reasonable attorneys' fees incurred herein; and

6. For such other and further relief as this Court deems just and equitable.

Dated this 3rd day of January, 2025.

**VOGEL LAW FIRM**

BY:  */s/ Drew J. Hushka*
Caren W. Stanley (#06100)
Drew J. Hushka (#08230)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email: cstanley@vogellaw.com
dhushka@vogellaw.com
ATTORNEYS FOR CAPITAL CREDIT UNION

4921-0908-9291 v.4